UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JOSEPH DOUGLAS,<br><br>Defendant. | Case No. 11-CR-0324 (PJS/LIB)<br><br><br>ORDER ON MOTIONS IN LIMINE |

Andrew S. Dunne and Jeffrey M. Bryan, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Frederick J. Goetz, GOETZ & ECKLAND P.A., for defendant.

Defendant John Joseph Douglas is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At the pretrial conference on February 2, 2012, the Court ruled on a number of motions in limine. *See* Gov't Mot. in Limine [Docket No. 53] and Def. Mot. in Limine [Docket No. 42]. Only two of those motions merit additional comment.

1. The government seeks a ruling preventing the defense from asking Mark Dorstad whether he sawed off the barrel of the shotgun that Douglas is accused of possessing. The government appears to argue that such evidence is irrelevant. The Court disagrees. Evidence that Dorstad sawed off the barrel of the shotgun — thus making it easier to transport and conceal the shotgun — is relevant to the issue of whether Dorstad or Douglas (or both) possessed the shotgun on the night of May 30, 2011. If Dorstad sawed off the shotgun's barrel, then he exercised control over that shotgun and implicitly revealed an intention to use that shotgun in the future. That, in turn, makes it at least slightly more likely that Dorstad possessed the shotgun on the night in question. It is possible, as the government argues, that this evidence could be

*cumulative* of other evidence that Dorstad possessed the shotgun at some point — and thus the evidence may be excluded under Fed. R. Evid. 403.  But the Court cannot know whether this evidence is cumulative until it hears Dorstad's testimony.

The government also seeks a ruling that, if Dorstad testifies that he did not saw off the barrel of the shotgun, Douglas should not be able to introduce evidence contradicting Dorstad's testimony.  The government relies on Fed. R. Evid. 608, but what the government seeks to foreclose is impeachment by contradiction, and "'impeachment by contradiction' . . . is not covered by Fed. R. Evid. 608."  *Morgan v. Covington Tp.*, 648 F.3d 172, 179 (3d Cir. 2011).  Rather, Rule 608 governs only attempts to introduce extrinsic evidence of the witness's general character for truthfulness or untruthfulness, such as evidence that the defendant told a lie in the past.

In this case, evidence that Dorstad sawed off the barrel of the shotgun would not be introduced to prove that, as a general matter, Dorstad is an untruthful person.  (The fact that someone saws off the barrel of a shotgun tells us virtually nothing about his character for truthfulness.)  Rather, this evidence would be introduced to prove that, contrary to his testimony, Dorstad did saw off the barrel of the shotgun, and thus that it was more likely that Dorstad possessed the gun on May 30, 2011.  Evidence regarding possession of the shotgun does not fall within the ambit of Rule 608 merely because it contradicts other evidence regarding possession of the shotgun.

The government also argues that Dorstad's (anticipated) testimony that he did not saw off the barrel of the shotgun would be testimony about a collateral matter, and thus, under Rule 403, the defendant should not be allowed to impeach that testimony.  The government is correct that

"it is generally improper to rely on extrinsic evidence to impeach a witness about a collateral matter." *Clarett v. Roberts*, 657 F.3d 664, 669-70 (7th Cir. 2011).  But, as the Court has already noted, evidence that Dorstad sawed off the barrel of the shotgun is relevant to the question of who possessed the shotgun on the night in question.  Far from being "collateral," that is the crucial issue in the case.

2.  The government seeks permission to impeach Douglas's character for truthfulness (if he testifies) with evidence of his prior criminal convictions.  At the hearing, the government withdrew its request with respect to three of Douglas's convictions.  Pursuant to Fed. R. Evid. 609(a)(1)(B), evidence that the defendant in a criminal case has been convicted of a felony is generally admissible "if the probative value of the evidence outweighs its prejudicial effect to that defendant."  "Probative value" means probative value on one issue and one issue only:  the defendant's "character for truthfulness" — that is, whether he is, in general, an honest or dishonest person.  Some convictions have much more probative value on the question of the defendant's character for truthfulness than others; for example, a conviction for fraud or tax evasion would have more probative value than a conviction for assault or marijuana possession.

It is important to note that, in this case, the jury is going to be told at the outset of the trial that Douglas is a convicted felon.  Thus, the precise question posed by the government's motion is this:  Would the probative value of the jury learning the *number* and *nature* of Douglas's criminal convictions outweigh the prejudicial effect?  The Court believes that the answer is clearly "no."

None of the convictions that the government seeks to use to impeach Douglas has much probative value on the question of his character for truthfulness, as none of the convictions has

anything to do with deceit, dishonesty, or trickery.  Moreover, most of the convictions involve acts that occurred about a dozen years ago, which further diminishes their probative value.  At the same time, because Douglas is charged with possessing a gun, and because most of the convictions involve the actual or threatened use of force, the risk that Douglas would be prejudiced by admission of this evidence is high.  No matter how carefully instructed, the jury will have difficulty ignoring evidence that Douglas has been convicted on multiple occasions for assault, aggravated robbery, and burglary when the jury decides whether Douglas possessed a shotgun on May 30, 2011.

Because the evidence concerning Douglas's prior convictions provides very little *marginal* probative value on the issue of his character for truthfulness — and because such evidence creates a substantial risk of unfair prejudice to Douglas — the Court will not permit the government to impeach Douglas with evidence of his prior convictions if he decides to testify.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, and for the reasons stated on the record at the February 2, 2012 hearing, IT IS HEREBY ORDERED THAT:

1. The government's motion in limine [Docket No. 53] is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED with respect to evidence regarding the penalties that could be imposed if the defendant is convicted.  The parties are ordered not to refer to potential criminal penalties.

    b.    The motion is DENIED to the extent that the government seeks a pretrial order to exclude evidence that Mark Dorstad, and not the defendant, sawed off the barrel of the shotgun that the defendant is accused of possessing. The Court will make a final ruling on whether such evidence is admissible after the Court hears Mark Dorstad's testimony.

    c.    The motion is DENIED with respect to the government's request to impeach the defendant with evidence of his prior convictions. The government is ordered not to refer to the number or nature of the defendant's prior convictions, even if the defendant testifies.

2.    The defendant's motion in limine [Docket No. 42] is GRANTED IN PART and DENIED IN PART as follows:

    a.    The motion is GRANTED with respect to evidence regarding the defendant's prior convictions in light of the parties' *Old Chief* stipulation. The government is ordered not to refer to the number or nature of the defendant's prior convictions.

    b.    The motion is DENIED with respect to evidence that the defendant was on probation at the time of the offense. The government may introduce such evidence to the extent that it is necessary to explain the actions of law-enforcement officers on the night of May 30, 2011.

    c.    The motion is GRANTED with respect to evidence regarding the defendant's prior possession of firearms. The parties are ordered not to

refer to the defendant's possession of any firearm, other than the firearm that he is accused of possessing on the night of May 30, 2011.

Dated: February 3, 2012     s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge