UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0324 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOHN JOSEPH DOUGLAS, | |
| Defendant. | |

On February 10, 2012, following a three-day trial, a jury convicted defendant John Joseph Douglas of being a felon in possession of a firearm. ECF No. 64. Before Douglas was sentenced, he moved for a new trial on the grounds that Anthony Petric — one of the three key eyewitnesses against Douglas — had recanted his testimony that Douglas had fired the shotgun in question. ECF No. 79. Following an evidentiary hearing at which Petric testified that he, not Douglas, had fired the shotgun, the Court issued an order denying Douglas's motion for a new trial. ECF No. 105. The Court described numerous reasons why Petric's new testimony was not believable and found that it was "extremely unlikely" that Petric's recantation would result in an acquittal upon retrial. ECF No. 105 at 9.

On January 15, 2013, Douglas was sentenced to 240 months' imprisonment, and the judgment of conviction was entered on that date. ECF No. 112. Douglas filed a notice of appeal shortly thereafter, and that appeal is currently pending before the Eighth Circuit.

After filing his notice of appeal, Douglas filed a pro se motion requesting that the Court order further discovery in his case. ECF No. 129. Douglas apparently wants to continue to litigate the question of his guilt. He says that the Minnesota Bureau of Criminal Apprehension

("BCA") took two DNA samples off of the shotgun that Douglas was convicted of firing. Douglas asks the Court to order the BCA to provide to Douglas "the entire lab analysis and entire copy of all tests etc." so that Douglas can hire an expert to "compare Mr. Petric's DNA to the 2 samples taken off the firearm." ECF No. 129 at 1.

The Court denies Douglas's motion without prejudice for lack of jurisdiction. "'The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Although there are a "circumscribed cluster of situations" in which a district court and an appellate court share jurisdiction, *see United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998), the Eighth Circuit has previously found that district courts lack jurisdiction to consider motions for discovery after a notice of appeal has been filed, *see Hope v. United States*, 100 F.3d 959, Nos. 96-1761, 96-2447, 1996 WL 633388, at *1 (8th Cir. 1996) (per curiam) (unpublished table opinion).

Moreover, as the Eighth Circuit explained in *Ledbetter*, the rule prohibiting shared jurisdiction between district and appellate courts "serves two important interests." *Ledbetter*, 882 F.2d at 1347.

> First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing two front war for no good reason, avoiding possible duplication and confusion by allocating control between forums.

*Id*. (internal citations and quotations omitted). Both of the "important interests" mentioned in

*Ledbetter* would be impeded if the Court were to consider Douglas's motion at this time. First, Douglas's request for further discovery may be mooted if the Eighth Circuit overturns his conviction. Second, considering Douglas's motion for further discovery would allow him "to fight a confusing two front war," simultaneously attacking his conviction in both the Eighth Circuit and this Court. For those reasons, the Court denies Douglas's motion for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant John Joseph Douglas's motion for discovery [ECF No. 129] is DENIED WITHOUT PREJUDICE.

Dated: April 16, 2013     s/Patrick J. Schiltz
                          Patrick J. Schiltz
                          United States District Judge