UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0324(1) (PJS/LIB) |
| | Case No. 15-CV-1218 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JOHN JOSEPH DOUGLAS, | |
| Defendant. | |

Andrew S. Dunne, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Garvis, KOCH & GARVIS, LLC, for defendant.

A jury convicted defendant John Douglas of being a felon in possession of a firearm. ECF No. 64. At sentencing, the Court found that Douglas was a "career offender" within the meaning of § 4B1.1 of the United States Sentencing Guidelines. The Court also found that Douglas was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions for "violent felon[ies]." The Court then sentenced Douglas to 240 months in prison, which represented a substantial downward variance from Douglas's Guidelines range of 360 months to life. ECF Nos. 112-13. The United States Court of Appeals for the Eighth Circuit affirmed Douglas's conviction on direct appeal. *United States v. Douglas*, 744 F.3d 1065 (8th Cir. 2014).

This matter is before the Court on Douglas's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his original motion, Douglas raised various claims of ineffective assistance of counsel. In later briefing, Douglas argued that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his felon-in-possession offense no longer qualifies as a "crime of violence" under § 4B1.1 of the Guidelines and that therefore he is not a career offender.

The Court rejected all of Douglas's ineffective-assistance claims, *see* ECF No. 164, and later rejected Douglas's *Johnson* claim on the basis of *Beckles v. United States*, 137 S. Ct. 886 (2017), *see* ECF No. 167. In the meantime, Douglas requested an opportunity to brief the impact of *Mathis v. United States*, 136 S. Ct. 2243 (2016), on his designation as an armed career criminal under 18 U.S.C. § 924(e). The Court granted Douglas's request. ECF No. 167. Having received the parties' supplemental briefing, the Court rejects the remainder of Douglas's claims.

I. BACKGROUND

In Douglas's presentence investigation report ("PSR"), six of his prior offenses were found to qualify as violent felonies for purposes of the ACCA. PSR ¶ 26. Two of these prior offenses were burglaries that the government concedes no longer qualify as violent felonies. That leaves four potentially qualifying offenses: two first-degree aggravated robberies under Minn. Stat. § 609.245, subd. 1, and two second-degree

assaults under Minn. Stat. § 609.222. Douglas committed three of these four offenses—the two robberies and one of the assaults—on September 25, 1998. PSR ¶ 45. Douglas committed the other of the assaults in February 2006. *Id.* ¶ 46.

II. ANALYSIS

Douglas concedes that the February 2006 second-degree assault qualifies as a violent felony under the ACCA. He contends, however, that (1) his aggravated-robbery convictions do not qualify as violent felonies under the ACCA; (2) even if the aggravated robberies otherwise qualify as violent felonies, they cannot both be counted as ACCA predicates because they were not "committed on occasions different from one another," as required by § 924(e)(1); and (3) his conviction for the September 1998 second-degree assault is invalid because he was never actually charged with that crime. *See* ECF Nos. 170, 177.

The Court agrees with the government that the latter two arguments are procedurally barred.[1] At no time during sentencing proceedings in this Court or on direct appeal did Douglas argue either that the two aggravated robberies were not "committed on occasions different from one another" or that he was never actually

---

[1]It appears that these claims are also time barred, as Douglas did not raise them until well after the statute of limitations had expired. *See* 28 U.S.C. § 2255(f)(1). The government does not contend that Douglas's claims are untimely, however, and therefore the Court does not rely on that ground in denying them.

-3-

charged with the 1998 second-degree assault to which he pleaded guilty.² These arguments are not based on any new Supreme Court decision or other recent change in the law. *See, e.g.*, *United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir. 1993) (examining whether offenses committed within minutes of each other counted as separate offenses under § 924(e)(1)); *Skordalos v. United States*, No. RDB-08-1049, 2009 WL 124302, at *2 (D. Md. Jan. 15, 2009) (noting argument that the defendant had not actually been convicted of a prior offense). Because Douglas could have, but did not, raise these claims at

---

²The documents submitted by the parties demonstrate that Douglas and his two co-defendants were charged with four counts of second-degree assault arising out of the events of September 25, 1998. *See* Def. Ex. A [ECF No. 170-2]. But for some reason, Douglas pleaded guilty to—and was convicted of—a count that charged one of his co-defendants (but not Douglas) with second-degree assault. *See id.*; Def. Ex. B [ECF No. 170-1]; Gov't Exs. 1, 2 [ECF Nos. 173-1, 173-2].

The transcript of the plea hearing does not explain the discrepancy, but the structure of the plea appears to be intentional. Notably, "states are not bound by the technical rules governing federal criminal prosecutions; the crucial question in state prosecutions is whether the defendant had sufficient notice of the potential charges against him that he could prepare to contest those charges." *Blair v. Armontrout*, 916 F.2d 1310, 1329 (8th Cir. 1990). In other words, Douglas could be charged with an offense—and convicted of that offense—even if that offense was not mentioned in an indictment or other formal charging instrument. *See Williams v. Nix*, 751 F.2d 956, 961 (8th Cir. 1985) ("In the federal courts such a de facto amendment of an indictment might raise serious problems, but the Supreme Court has held that the Fourteenth Amendment does not require the states to use grand-jury indictments at all, even to prosecute serious crimes.").

sentencing or on direct appeal, they are procedurally defaulted.[3]  *See Fletcher v. United States*, 858 F.3d 501, 505-06 (8th Cir. 2017).

Douglas points out that, before he was sentenced, he submitted a pro se letter to the probation office contesting his classification as an armed career criminal and stating that, after excluding his third-degree burglary conviction, he had only two other qualifying convictions.  *See* ECF No. 178-1 at 6.  This submission is obviously insufficient to raise the arguments that Douglas now wishes to make.  Even if Douglas had submitted that letter to this Court during his sentencing proceedings—and even if the Court had been willing to entertain a pro se submission from a represented defendant (which is not the Court's practice)—Douglas's letter did not identify any reason why his aggravated-robbery and second-degree assault convictions would not qualify as predicate offenses.  And even if it had, Douglas did not raise these issues on appeal.  They are therefore clearly procedurally defaulted.

A defendant may overcome a procedural default by showing cause and prejudice or that he is "'actually innocent.'"  *Fletcher*, 858 F.3d at 506 (citation omitted).  Douglas does not attempt to argue either of these grounds for overcoming his

---

[3]In addition, as the government notes, Douglas's argument that his 1998 second-degree assault conviction is invalid is an impermissible collateral attack on a prior conviction.  *See Custis v. United States*, 511 U.S. 485 (1994).

default—and the Court has found on multiple occasions that Douglas is not actually innocent—and therefore these claims are rejected.

With respect to Douglas's remaining claim that his aggravated-robbery convictions do not qualify as predicate ACCA offenses: It appears that this claim is time barred. Douglas did not raise it until well after his conviction became final under 28 U.S.C. § 2255(f)(1). The only way that this claim could be timely, then, is if *Mathis*, on which Douglas purports to base the claim, recognized a new right that is "retroactively applicable to cases on collateral review . . . ."[4] *See* 28 U.S.C. § 2255(f)(3). Again, however, because the government does not raise the limitations issue nor address the retroactivity of *Mathis*, the Court does not rely on that ground. *Cf. Day v. McDonough*, 547 U.S. 198, 205 (2006) (characterizing statute-of-limitations and non-retroactivity defenses as non-jurisdictional).

In any event, Douglas's claim fails on the merits. Under the force clause of the ACCA, a violent felony includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). As the Court recently found in *United States v. Early*, No. 15-CR-0106

---

[4]In the Court's view, Douglas's claim has nothing to do with *Mathis* and therefore would be untimely even if *Mathis* announced a new rule of law that was retroactively applicable. Moreover, the Court has found that *Mathis* did not, in fact, recognize a new rule of law. *See Montgomery v. United States*, No. 17-CV-0542 (PJS/LIB), slip op. at 7-9 (D. Minn. Oct. 17, 2017). Because Douglas's claim fails on the merits, however, the Court need not address these issues further.

(PJS/FLN), 2017 WL 4621281 (D. Minn. Oct. 13, 2017), simple robbery under Minn. Stat. § 609.24 qualifies as a violent felony under the force clause. *Id.* at *3. Because simple robbery is a lesser-included offense of first-degree aggravated robbery, the latter is necessarily also a violent felony. *See* Minn. Stat. § 609.245, subd. 1 ("Whoever, *while committing a robbery*, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree . . . .") (emphasis added); *State v. Salim*, No. A16-0294, 2017 WL 562499, at *6 (Minn. Ct. App. Feb. 13, 2017) ("A simple robbery is necessarily included in aggravated robbery because it is impossible to commit an aggravated robbery without committing a simple robbery." (citation and quotation marks omitted)).

Douglas argues that there is no precedent for analyzing a lesser-included offense to determine if the greater offense is a violent felony under the ACCA. In examining the elements of a lesser-included offense, however, the Court is not departing from precedent; it is simply applying logic. Because a lesser-included offense is a subset of the greater offense, all of the elements of the lesser offense are also elements of the greater. *See Salim*, 2017 Wl 562499, at *5-6. Adding more elements to define the greater offense does not change the fact that, because the lesser offense includes a "force" element, the greater offense *necessarily* includes a "force" element as well. The Court

therefore rejects Douglas's arguments and holds that his first-degree aggravated robbery convictions qualify as violent felonies under the ACCA.

The Court acknowledges that, in a previous case, it held that simple robbery was not a violent felony for purposes of the ACCA. *See United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2016 WL 5107035, at *2-3 (D. Minn. Sept. 19, 2016). As the Court acknowledged in *Early*, however, the Court has since been persuaded that it erred in *Pettis*. *See Early*, 2017 WL 4621281, at *3 & n.6 (citing cases).

Under 28 U.S.C. § 2253(c), a defendant may not appeal the denial of a § 2255 motion unless he makes "a substantial showing of the denial of a constitutional right." It is at least debatable that Douglas's claim that he does not qualify for enhanced sentencing under the ACCA is of constitutional dimension. *See Whalen v. United States*, 445 U.S. 684, 690 (1980) (referring to a petitioner's "constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress"). Likewise, as this Court's own struggles with the issue demonstrate, whether first-degree aggravated robbery qualifies as a violent felony under the ACCA is debatable. The Court will therefore grant a certificate of appealability on the following question only: "Is first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1, a 'violent felony' for purposes of 18 U.S.C. § 924(e)?"

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 137] is DENIED.

2. The Court grants defendant a certificate of appealability on the following issue only: "Is first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1, a 'violent felony' for purposes of 18 U.S.C. § 924(e)?"

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 19, 2017  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge