UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 11-CR-0324 (PJS/LIB)

                        Plaintiff,

v.                                                              ORDER

JOHN JOSEPH DOUGLAS,

                        Defendant.

---

Andrew Dunne, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Sarah Weinman, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant John Joseph Douglas is serving a 240-month sentence after being convicted of possessing a firearm as a felon.  ECF No. 112 at 1–2.  This matter is before the Court on his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A).  Because § 1B1.13 was issued when the Bureau

of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP. As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See, e.g., United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has recently clarified that, although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). That holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling." *See United States v. Logan*, 532 F. Supp. 3d 725, 730 (D. Minn. 2021). Thus, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion.

Douglas identifies his "chronic, painful [medical] conditions, and the lack of adequate treatment for them at BOP," his "poor health [which] places him at heightened risk of severe COVID infection," and his "need to care for his immediate family members" as "extraordinary and compelling reasons justifying release." ECF No. 204 at 14–15, 22. He contends that the BOP has not adequately treated his medical

-2-

conditions—in particular, not provided surgery for a mass on his wrist, not provided treatment for his Hepatitis C, and not sufficiently addressed his gastroesophageal reflux disease ("GERD") and knee, neck, and back pain. *Id.* at 13–14. Douglas also alleges that he is at heightened risk from COVID-19 because he suffers from Hepatitis C, hypertension, and depression, and he has a history of tuberculosis and a traumatic brain injury. *Id.* at 15–16. Finally, he notes that his mother and sister are in poor health and need his assistance. *Id.* at 22. Douglas's medical records and presentence investigation report confirm his medical conditions and risk factors, *see generally* ECF No. 205-1, ECF No. 205-2; an investigation by the Office of the Federal Defender corroborates his mother's and sister's health problems, ECF No. 205-4; and a letter from his mother and sisters confirms their support of his early release, *see* ECF No. 199.

Although some of Douglas's medical conditions might moderately raise his risk of severe illness from COVID-19, they do not provide an extraordinary and compelling reason for his release. His conditions appear to be well controlled. *See* ECF No. 205-1 at 1, 10 (noting that Hepatitis C is "considered low treatment priority level" and "asymptomatic"); *id.* at 1 (noting weight loss, blood pressure "at goal," and compliance with lisinopril prescription). And, more importantly, Douglas has received a full course of a COVID-19 vaccine, *id.* at 45, as have approximately three-quarters of the inmates at

FCI Pekin, where Douglas is incarcerated.[1]  Further, there is currently only one active COVID-19 case among the inmates at Pekin and only three among the staff.[2]  In short, Douglas is not at great risk of contracting COVID-19 or becoming seriously ill because of COVID-19, even with his medical conditions.  *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Cesario*, No. 14-CR-0092 (PJS/TNL), 2021 WL 2201550, at *1 (D. Minn. June 1, 2021) ("[C]ourts have found that a risk of serious complications from COVID-19 is not extraordinary and compelling when experienced by a vaccinated inmate.").

    In addition, although Douglas complains about the medical care that he is receiving from the BOP, none of his complaints rise to the level of extraordinary and compelling reasons to justify a reduction in his sentence.  *Compare* U.S.S.G. § 1B1.13, cmt. n.1(A) (listing "terminal illness" or other serious or deteriorating health conditions "that substantially diminish[] the ability of the defendant to provide self-care within the

_____

    [1]*See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov /coronavirus/index.jsp (last visited Dec. 7, 2021) (905 FCI Pekin inmates have been fully vaccinated); Fed. Bureau of Prisons, *FCI Pekin*, https://www.bop.gov /locations/institutions/pek/ (last visited Dec. 7, 2021) (FCI Pekin houses 1198 total inmates).

    [2]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov /coronavirus/index.jsp (last visited Dec. 7, 2021).

environment of a correctional facility" as examples of medical conditions that may constitute extraordinary and compelling reasons), *with, e.g.*, ECF No. 205-1 at 1 (noting "aching" low back and right knee pain that is relieved by ibuprofen, "unremarkable" x-rays, and "no instability[] or swelling"). Nothing in Douglas's medical records indicates that he is receiving significantly (or even moderately) substandard care. And even if he were, he would have to challenge the conditions of his confinement (including his medical care) by filing a *Bivens* action in the federal district in which he is confined. *See Cesario*, 2021 WL 2201550, at *2 n.4; *United States v. Spencer*, No. 07-CR-0174(1) (JRT/JJG), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021).

Finally, the Court agrees with the government that although Douglas's mother and sister are experiencing their own health challenges, the evidence in the record does not suggest that they are incapacitated or that Douglas is the only one who can help them. *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C) (identifying as the only two "family circumstances" that provide an extraordinary and compelling reason for early release as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"). Notably, although Douglas's mother and sisters wrote to the Court in support of Douglas's motion, they did not even mention a need for Douglas to be

released so that he could provide care to them.  *See* ECF No. 199.  Accordingly, Douglas

has not established that his family circumstances provide an extraordinary or

compelling reason justifying his early release.

Even if Douglas had provided an extraordinary and compelling reason for

release, the Court would nevertheless deny his motion because the § 3553(a) factors

weigh against releasing him, primarily because of his extremely long and serious

criminal record.  *See* ECF No. 205-2 at 8–23.  At the sentencing hearing, the Court

described Douglas's record as follows:

> Mr. Douglas has one of the longest and most serious
> criminal records that I have seen.  It takes the [presentence
> report] 16 pages—almost 50 paragraphs—to describe all of
> Mr. Douglas's juvenile adjudications, adult convictions, and
> other contacts with law enforcement.  Beginning at the age of
> 13, Mr. Douglas has been committing crimes or been in
> prison for committing crimes almost continuously.  His
> offenses include assault, theft, burglary, receiving stolen
> property, and possessing dangerous weapons.  Even though
> he is still a young man, Mr. Douglas has managed to
> accumulate 22 criminal-history points—in fact, I think the
> actual number is 25 criminal-history points, but I will give
> him the benefit of the doubt—far more than the amount
> needed to be classified in the highest criminal-history
> category recognized under federal law.  And Mr. Douglas
> accomplished this feat even though no criminal-history
> points were assigned to approximately 20 of his juvenile
> adjudications and adult convictions.

ECF No. 127 at 31.

Douglas's good prison record—which includes commendable participation in programming, ECF No. 205-6, ECF No. 205-7, and only two minor disciplinary incidents, ECF No. 205-5—does not negate his past involvement with violence and guns.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Releasing Douglas now—effectively giving him a retroactive downward variance of more than 80 months, on top of the downward variance of 120 months that he received at sentencing (ECF No. 127 at 30)—would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(2)(A)–(B), (a)(6).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Douglas's motion for a sentence reduction [ECF No. 204] is DENIED.

Dated:  December 8, 2021                        s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge