UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                         Case No. 11-CR-0324 (PJS/LIB)

          Plaintiff,

v.                                                ORDER

JOHN JOSEPH DOUGLAS,

          Defendant.

---

John Joseph Douglas, pro se.

This matter is before the Court on defendant John Joseph Douglas's motion to reconsider the Court's denial of his second motion for compassionate release under 18 U.S.C. § 3582.  *See* ECF No. 226.  In denying Douglas's most recent compassionate-release motion, the Court identified two reasons why Douglas could not avail himself of the "unusually long sentence" basis for compassionate release described in USSG § 1B1.13(b)(6):  First, Douglas would still have four qualifying convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and thus would still trigger the enhanced penalties of the Act if sentenced today.  Second, even if the ACCA did not apply, Douglas would still face a maximum penalty of 15 years' imprisonment under the version of 18 U.S.C. § 924(a)(8) in effect today.  *See* Order 2, ECF No. 217.  Douglas now contends that both conclusions were erroneous.  Douglas is mistaken.

With respect to the ACCA: Douglas argues that his presentence report ("PSR") did not find that three of his qualifying convictions stemming from conduct that occurred on September 25, 1998 "happened at different times and places and had different motivations" as required for each to count as a separate crime of violence under the ACCA. *United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir. 1993). However, the PSR expressly found with respect to those convictions that each qualified as an ACCA predicate offense because "each count of conviction was committed on occasions different from one another." PSR ¶ 45. Douglas was convicted of robbery of a store clerk, and robbery of a store customer's wallet, and assault for fleeing in a car that traveled into oncoming traffic. PSR ¶ 45. In other words, he robbed one person, and then he robbed another person, and then he endangered the lives of still other persons by driving into oncoming traffic.

The Eighth Circuit has "consistently held [that] violent felonies committed at different times, different locations, or against different victims may qualify as separate qualifying convictions under the ACCA, even if the offenses were committed within a short period of time of each other." *United States v. Robinson*, 43 F.4th 892, 895 (8th Cir. 2022); *see also United States v. Stowell*, 82 F.4th 607, 609 (8th Cir. 2023) (noting that "'a range of circumstances may be relevant to identifying episodes of criminal activity,' including timing, proximity, and the character and relationship of the offenses"

(quoting *Wooden v. United States*, 595 U.S. 360, 369 (2022))). The PSR found that Douglas's offenses were sufficiently distinct in terms of timing and character to count separately under the ACCA—and given (at the very least) the variation in victims across the three offenses, the Court cannot say that the PSR's finding was wrong.

Moreover, to the extent that Douglas challenges the PSR's fact-finding on this point, he is going beyond the bounds of a compassionate-release request. The Eighth Circuit has been clear that a defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *see also United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion . . . and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement . . . for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure."); *United States v. Logan*, 532 F. Supp. 3d 725, 732 (D. Minn. 2021) ("To allow a defendant to use a compassionate-release request as yet another avenue to attack the legality or validity of a sentence would, as a practical matter, render nugatory the carefully crafted rules that govern those safeguards, such as rules about preserving

issues for direct appeal, filing second or successive habeas petitions, and obtaining certificates of appealability.").

With respect to the maximum penalty Douglas would face if the ACCA did not apply:  Douglas argues that applying the 15-year maximum enacted in 2022 would violate the Constitution's *ex post facto* clause.  *See* U.S. Const. Art. I, § 9, cl. 3.  But the entire point of the "unusually long sentence" basis for compassionate release is to consider whether a change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ."  USSG § 1B1.13(b)(6).  In other words, the exercise *requires* hypothesizing about the sentence the defendant would receive if he were sentenced today *under current law*.  If Douglas were sentenced today *under current law*—and if the ACCA did *not* apply—then he would receive a sentence of 15 years.  The Court cannot say that there is a sufficiently gross disparity between the 20-year sentence Douglas is serving and the 15-year sentence that he would receive today (*if* the ACCA did not apply).  *Cf. United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020) (characterizing as representative of a "gross disparity" gaps of 200 months to 30 years between sentences being served by defendants and sentences Congress later decided would constitute fair punishment for the same conduct).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Douglas's motion for reconsideration [ECF No. 226] is DENIED.

Dated:  April 15, 2024                                         s/Patrick J. Schiltz
                                                               Patrick J. Schiltz, Chief Judge
                                                               United States District Court