UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0324 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOHN JOSEPH DOUGLAS, | |
| Defendant. | |

John Joseph Douglas, pro se.

This matter is before the Court on defendant John Joseph Douglas's second motion to reconsider the Court's denial of his second motion for compassionate release under 18 U.S.C. § 3582 [ECF No. 230]. Douglas's second motion for compassionate release was filed on January 18, 2024 [ECF Nos. 211, 212] and denied on March 7, 2024 [ECF No. 217]. Douglas filed an appeal on March 18, 2024 [ECF No. 220], and the Eighth Circuit affirmed this Court's order three days later [ECF No. 225]. After the Eighth Circuit's affirmance, Douglas has continued to litigate this motion by filing motions to reconsider—the first filed on March 28, 2024 [ECF No. 226] and denied on April 15, 2024 [ECF No. 228], and the second filed on April 26, 2024 [ECF No. 230]. For the reasons that follow, the Court denies the second motion for reconsideration.

In *United States v. Logan*, 532 F. Supp. 3d 725 (D. Minn. 2021), this Court explained why it would generally not allow a defendant to use compassionate-release motions to raise arguments that could have been raised at the time of sentencing:

> There is no evidence that Congress amended § 3582(c)(1) to give prisoners the opportunity to argue—again and again and again—that they should have received a shorter sentence based on the law and facts that existed at the time that they were sentenced. (It is important to note that there is no limit on the number of compassionate-release motions that a prisoner can file.)
>
> Defendants enjoy a range of safeguards that are intended to prevent or correct unjust sentences, including the right to a sentencing hearing (and the many rights that defendants are afforded in connection with a sentencing hearing), the right to directly appeal a sentence, and the right to challenge a sentence in a § 2255 proceeding.  To allow a defendant to use a compassionate-release request as yet another avenue to attack the legality or validity of a sentence would, as a practical matter, render nugatory the carefully crafted rules that govern those safeguards, such as rules about preserving issues for direct appeal, filing second or successive habeas petitions, and obtaining certificates of appealability.  Given the purpose of compassionate release—and given its relationship to sentencing proceedings, direct appeals, and habeas proceedings—this Court will rarely if ever grant compassionate relief based solely on intrinsic factors.

*Id.* at 731–732 (footnotes omitted).

In *Logan*, the Court also explained why "[a]s a general matter, the Court is wary of finding that a change in the law that occurs after a defendant is sentenced—but that

is not made retroactively applicable to the defendant—provides an extraordinary and compelling reason to grant the defendant's motion for compassionate release." *Id.* at 733.  The Court explained:

> There is a large and complex body of statutory and common law about the extent to which a defendant who has already been sentenced can take advantage of changes to the law that occur after he is sentenced.  Allowing a defendant to use a compassionate-release request to bypass that body of law is problematic.  If the Supreme Court, or Congress, or the Sentencing Commission has decided that a change in the law should *not* be applied retroactively to a particular class of defendants, then allowing a defendant within that class to use § 3582(c)(1)(A)(i) to take advantage of that change in the law would fail to respect the decision of the relevant institution and create unfair disparities among defendants.

*Id.*

Douglas's filings illustrate the problems this Court described in *Logan*.  In his motion for compassionate release, Douglas argued in part that, under intervening case law, his burglary convictions no longer constitute violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and thus he no longer has a sufficient number of qualifying convictions to trigger the ACCA's enhanced penalties.  In denying Douglas's motion, the Court noted that, according to Douglas's presentence report ("PSR"), Douglas would have four qualifying convictions even if his burglary convictions were disregarded, and thus the ACCA's enhanced penalties would still apply.

In his first motion for reconsideration, Douglas argued that his PSR did not make such an assertion and that, if it did, it was mistaken about the law. In its order denying Douglas's motion, the Court pointed out that the PSR did indeed find that four of his non-burglary convictions were ACCA predicate offenses because "each count of conviction was committed on occasions different from one another." PSR ¶ 45. The Court also explained that, based on the facts recited in the PSR, the Court could not say that the PSR's finding was wrong.

In his second motion for reconsideration, Douglas now argues that the facts recited in the PSR were wrong, and Douglas seems to want the Court to hold an evidentiary hearing about the accuracy of statements made in a PSR prepared 12 years ago about a series of crimes committed by Douglas 26 years ago. As was true with Douglas's first motion for reconsideration, his second motion for reconsideration goes far beyond the bounds of a compassionate-release request. Douglas is simply attempting to bring an unauthorized second or successive habeas petition under the guise of a compassionate-release request, something the Eighth Circuit has expressly forbidden. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). If Douglas wants to pursue these challenges, he needs to file a second or successive habeas petition under 28 U.S.C. § 2255, and to do that, he needs the permission of the Eighth Circuit.

Douglas also argues (yet again) that if he were sentenced today—and if the Court applied the law as it has changed since he was sentenced—and if the Court accepted his version of the facts (rather than the PSR's)—then he would receive a 15-year sentence instead of the 20-year sentence that he received back in 2013. According to Douglas, the five-year difference between the two sentences represents a "gross disparity" as that phrase is used in USSG § 1B1.13(b)(6).

The Court disagrees. In the absence of guidance from the United States Sentencing Commission on what might constitute a "gross disparity" under § 1B1.13(b)(6), courts around the country have come to markedly different conclusions. *Compare, e.g., United States v. Howard*, Criminal No. ELH-13-0629, 2024 WL 112010, at *17 (D. Md. Jan. 10, 2024) (finding 21-month difference to be gross disparity) *with United States v. Miller*, 7:09-CR-00001-M-2, 2024 WL 476879, at *5 (E.D.N.C. Feb. 27, 2024) (finding that 24-month difference was not gross disparity). The vast majority of cases finding that the "gross disparity" threshold has been met, however, deal with differences of decades.[1]

---

[1] *See, e.g., United States v. Donato*, 95-CR-223 (JMA)(AYS), 2024 WL 1513646, at *7 (E.D.N.Y. Apr. 8, 2024) (gross disparity given "65-year difference" between sentence being served and sentence likely to be imposed today); *United States v. Skeeters*, NO. 05-530-1, 2024 WL 992171, at *3 (E.D. Pa. Mar. 7, 2024) (finding "gross disparity of 54 years" between sentence being served and sentence likely to be imposed today); *United States v. Ware*, No. 1:97-CR-00009-SCJ, 2024 WL 1007427, at *8 (N.D. Ga. Mar. 6, 2024) (finding gross disparity where defendant's sentence would "decrease by 14 years" if
(continued...)

Here, the Court simply does not agree with Douglas that his case meets the

§ 1B1.13(b)(6) standard, especially in light of the Eighth Circuit's holding prior to the

promulgation of § 1B1.13(b)(6) that "a non-retroactive change in law . . . cannot

contribute to a finding of 'extraordinary and compelling reasons' for a reduction in

sentence under § 3582(c)(1)(A)." *Crandall*, 25 F.4th at 586; *see also id.* ("The views of a

present-day Congress, like those of a present-day sentencing judge, about the

appropriate punishment for a present-day offense do not establish an 'extraordinary

and compelling reason' for reducing a sentence imposed years ago.  The compassionate

release statute is not a freewheeling opportunity for resentencing based on prospective

changes in sentencing policy or philosophy.").  And the Court is not the first to find that

a difference of five years between the sentence a defendant is serving and the sentence

that would (purportedly) be imposed today does not meet § 1B1.13(b)(6)'s "gross

disparity" standard.  *See, e.g., United States v. Hill*, No. 5:11 CR 536, 2024 WL 2089011, at

*3 (N.D. Ohio May 9, 2024) (finding no gross disparity where under change of law,

---

¹(...continued)
imposed today); *United States v. Martinez*, No. 2:01-cr-00564-TC, 2024 WL 866822, at *4 (D. Utah Feb. 29, 2024) (gross disparity where under current law defendant would receive "a sentence 50 years less than what he originally received"); *United States v. Allen*, NO. 1:09-cr-320-TCB, 2024 WL 631609, at *6 (N.D. Ga. Feb. 12, 2024) (finding "difference between life imprisonment and 322 to 387 months imprisonment" to be grossly disparate).

defendant's sentence could have been "as low as 15 years, rather than the twenty years he received").

For these reasons, the Court denies Douglas's second motion for reconsideration. Moreover, the Court will not consider any further motions for reconsideration of its denial of Douglas's second motion for compassionate release. If Douglas wants to continue to argue about his compassionate-release request, he will have to do it before the Eighth Circuit.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Douglas's second motion for reconsideration [ECF No. 230] is DENIED.

Dated:  May 24, 2024                                    s/Patrick J. Schiltz
                                                        Patrick J. Schiltz, Chief Judge
                                                        United States District Court